UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN HOFFNAGLE )<br>    Plaintiff )<br> )<br>v. )<br> )<br>STUDENT LOAN SOLUTIONS, LLC, and )<br>CHARLES T. BUSEK )<br>    Defendants )<br> ) | CASE NO: 3:23-CV-00515 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer, Jonathan Hoffnagle, against Student Loan Solutions, LLC, a debt purchaser, and Charles T. Busek, an attorney, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et. seq*.in their attempts to collect an alleged debt.

### II. PARTIES

2. Plaintiff, Jonathan Hoffnagle, is a natural person who once resident of Canton, Connecticut.  Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1695a(3).

3. Defendant Student Loan Solutions, LLC, ("SLS") is a South Carolina limited liability company headquartered in Rock Hill, South Carolina, and is a debt collector as defined by the FDCAP, 15 U.S.C. § 1695a(6).

4. Defendant Charles T. Busek, is a Connecticut barred attorney with a practice once located at 16 River Street, Norwalk, Connecticut, 06852. He is a debt collector as defined by the FDCPA, 15 U.S.C. § 1695a(6).

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331

6. This Court has jurisdiction over the defendants because they regularly conduct business and/or collect debts in this State.

7. Venue in this Court is proper, as the violations that are the subject of this litigation occurred within this State.

### IV. FACTUAL ALLEGATIONS

8. The debt at issue is a private student loan issued by Bank of America, N.A., ("the Loan"), which is a consumer debt as defined by FDCPA, 15 U.S.C. § 1695a(5).

9. Busek drafted a complaint, dated April 25, 2022, seeking to collect the Loan against Hoffnagle.

10. The complaint was served on the Plaintiff on May 22, 2022.

11. The complaint states that SLS became the holder of the loan on October 31, 2017.

12. The Loan defaulted in 2011 or earlier.

13. Plaintiff was subject to collection activity in 2011 and 2013 on the full amount of the defaulted and accelerated balance.

14. Conn. Gen. Stat. 52-576(a) limits the right of a contract holder to bring a suit to enforce a written contract to six years from the date of breach.

15. Based on the collection activity of 2011 and 2013, the latest of 6-years would have elapsed is 2019.

16. The suit brought by SLS and Busek was initiated three years after the 6-year Statute of Limitations expired.

17. Plaintiff responded to the lawsuit with information that the Statute of Limitations had expired.

18. Defendants did not respond with information to further their suit, but rather allowed the suit to continue.

19. As of the date of this complaint, Defendants have failed to provide supporting evidence that the Statute of Limitations had not expired.

20. On information and belief, one of the debt collectors assigned to collect this debt in 2011 or 2013 was Williams and Fudge, a debt collector located in Rock Hill, South Carolina.

21. On information and belief, the Executive Vice President of Williams and Fudge is also the sole owner/officer of SLS.

22. On information and belief, SLS knows, or should know, that many of the lawsuits it files are beyond the Statute of Limitations.

23. SLS has been subject to lawsuit regarding its violation of the FDCPA, specifically related to bringing lawsuits beyond the Statute of Limitations.

24. SLS has thus far done nothing to correct or address its violations.

25. Busek, as a trained and experienced attorney, has failed to take action to correct his violations and continues to aid SLS in its violations of the FDCPA and CUTPA.

### CAUSE OF ACTION AS TO STUDENT LOAN SOLUTIONS, LLC

### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

26. SLS' conduct as described above violated the FDCPA in the following ways.

    a. SLS violated FDCPA § 1692e(2)(A) for falsely representing the legal status of a debt beyond the Statute of Limitations.

    b. SLS violated FDCPA § 1692d, e, and f when it refused to withdraw a lawsuit

that it knew, or should have known, was beyond the Statute of Limitations.

c. SLS violated FDCPA § 1962d, e, and f for continuing State Court litigation when it knew, or should have known, that the Statute of Limitations had expired prior to initiating the lawsuit.

27. As a result of SLS' FDCPA violations, Hoffnagle has suffered actual damages, as well as emotional distress.

28. For its FDCPA violations, SLS is liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FDCPA § 1692k.

**Violations of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 142-110a *et seq.***

29. SLS violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et. seq*. in the following manner:

a. Placing the debt with a lawyer for suit in Connecticut when it knew, or should have known, that the Statute of Limitations had expired.

b. Bringing a lawsuit in Connecticut when it knew, or should have known, that the Statute of Limitations had expired.

c. Continuing a lawsuit in Connecticut when it knew, or should have known, that the Statute of Limitations had expired.

d. Failing to take corrective action when it knew, or should have known, that the Statute of Limitations had expired.

30. SLS' acts as described above were offensive to public policy, as well as unfair, immoral, unethical, oppressive, and unscrupulous, and such as to cause substantial injury to consumers.

31. Plaintiff has sustained an ascertainable loss as a result of SLS' acts. Specifically, Plaintiff is subject to continued litigation, and has suffered economic damage due to that continued litigation.

32. SLS is liable to Plaintiff for these losses as well as, attorneys' fees and costs and, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

## CAUSE OF ACTION AS TO CHARLES T. BUSEK

### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

33. Busek's conduct as described above violated the FDCPA in the following ways

    a. Busek violated FDCPA § 1692e(2)(A) for falsely representing the legal status of a debt beyond the Statute of Limitations.

    b. Busek violated FDCPA § 1692d, e, and f when he refused to withdraw a lawsuit that he knew, or should have known, was beyond the Statute of Limitations.

    c. Busek violated FDCPA § 1962d, e, and f for continuing State Court litigation when he knew, or should have known, that the Statute of Limitations had expired prior to initiating the lawsuit.

34. As a result of Busek's FDCPA violations, Wallace has suffered actual damages, as well as emotional distress.

35. For his FDCPA violations, Busek is liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FDCPA § 1692k.

WHEREFORE, Plaintiff prays for an award of actual damages, statutory damages, punitive damages, and costs and attorney fees pursuant to 15 U.S.C. § 1692k, and Conn. Gen. Stat. § 42-110g, as well as such other and further relief as the court shall deem appropriate.

DATED: April 24, 2023

                        **PLAINTIFF, JONATHAN HOFFNAGLE**

By: \_\_\_/s/ Joshua Cohen_____
     Joshua R.I. Cohen, ct27939
     Cohen Consumer Law, PLLC
     PO Box 1040
     St. Albans, VT  05478
     Tel (802) 380-8887
     jcohen@thestudentloanlawyer.com